CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

April 24, 2024
LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE  DIVISION

| | | |
|---|---|---|
| **MATTHEW FINCH,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:24CV00076 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **MAJOR KILGORE, ET AL.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants | ) | |

.

*Matthew Finch, Pro Se Plaintiff.*

The plaintiff, Matthew Finch, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that jail officials refuse to transfer him to another jail where he could safely participate in outside recreation, educational programming, and a job.  Upon review of the record, I find that the action must be summarily dismissed for failure to state a claim.

Finch complains about events that occurred during his confinement in the Abingdon Regional Jail, properly known as the Southwest Virginia Regional Jail Authority (SWVRJA).  Compl. 1, ECF No. 1.  He names the following jail officials as defendants: Major Kilgore, Todd Tatum, Lt. Elliot, Cpl. Alexander, and CO Humpreys.  *Id.* at 1.  Finch asserts that Major Kilgore and Captain Tatum are violating his rights by refusing his request to be transferred to another regional jail

where he could be assigned to the general population, have several hours of daily recreation, and participate in programs and classes. Finch states that although he is not currently incarcerated for sex offenses and has not asked for protective custody, he is assigned to housing unit 4A that gets only one hour of recreation time per day. Finch admits that he would fear for his life in general population in Abingdon because other inmates there "jumped [him] . . . when they found out about [his] past charges" in another state. *Id.* at 3. Finch tried to put "keep aways" on other inmates, but "CO Humphreys" said that he "couldn't put keep aways on them for that reason." *Id.* In short, Finch asserts that by housing him in 4A, the defendants are denying him access to programs, classes and "trustee because of [his] past charges." *Id.* at 4. As relief in this case, Finch seeks "compensation for mental health." *Id.* at 5.

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). Under 42 U.S.C. § 1997e(c)(1), the court must dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." To avoid such a dismissal, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that provides "enough facts to state a claim to relief that is

plausible on its face," rather than merely "conceivable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Finch's desires to be housed at a prison where he can take classes, participate in more recreation, and hold a job as a trusty are not rights protected by the Constitution. On the contrary, "an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State." *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983). Moreover, the law is well settled that a prisoner has no constitutional right to participate in an educational or rehabilitative program. *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). Similarly, prisoners have no constitutionally protected right to work while incarcerated. *Altizer v. Paderick*, 569 F.2d 812, 813 (4th Cir. 1978).

Finch also appears to complain that he is treated differently than other inmates because of his past criminal charges. Liberally construed, his submission alleges an equal protection claim — that he should not be treated differently than other inmates at SWVRJA who have access to education classes, more recreation time, and prison jobs. To present an equal protection claim, however, "a plaintiff must plausibly allege first that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Fauconier v. Clarke*, 966 F.3d 265, 277 (4th Cir. 2020) (internal quotation marks and citation omitted). A prisoner plaintiff must also allege that "the

disparate treatment [was not] reasonably related to any legitimate penological interests." *Veney v. Wyche*, 293 F.3d 726, 732 (4th Cir. 2002) (internal quotation marks, citation and alteration omitted).  Finch himself admits that he is not similarly situated to other inmates housed in the general population at SWVRJA, since he has been convicted of a sex offense in the past and other inmates have assaulted him because of that past.  Thus, the defendants have not violated Finch's right to equal protection by treating him differently than other general population inmates in order to keep him safe.

For the reasons stated, I will summarily dismiss this action, pursuant to 42 U.S.C. § 1997e(c)(1), for failure to state a claim.

A separate Final Order will be entered herewith.

DATED:   April 24, 2024

/s/  JAMES P. JONES
Senior United States District Judge